**UNITED STATES of America,**

v.

**George Philip NELSON, Hak Soo Ghun a/k/a "Hak Soo Dickenson," Thomas S. Galgano, and Robert Thomas Harvey, Defendants.**

**No. 84 Cr. 293 (SWK).**

United States District Court, S.D. New York.

Dec. 23, 1985.

**1236**

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., by Frank Maas, Asst. U.S. Atty., New York City, for the U.S. of America.

Kase & Druker, Garden City, N.Y., for George Philip Nelson and Hak Ghun; James O. Druker, of counsel.

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for Robert T. Harvey; Gary P. Naftalis, Scott D. Heller, of counsel.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Currently before the Court are the motions of three of the defendants, Nelson, Ghun and Harvey, for a new trial pursuant to Fed.R.Crim.P. 33.[1] The basis of these motions is that due to newly discovered evidence, and to facilitate the interests of justice, the Court should grant a new trial. For the reasons discussed below, the motions are DENIED.

### DISCUSSION

The source of the instant dispute is newly discovered evidence. The newly discovered evidence is a small portion of a two page handwritten statement of Mr. Robert Simon. Simon was originally named as a codefendant of the movants in the indictment in the instant case. Simon pleaded guilty to 3 counts of this indictment on October 3, 1984. At that time, the Court ordered a pre-sentence report to be prepared, but no date was set for the sentencing. He made the written statement in question to the United States Probation Department on or about October 31, 1984. This statement was given by Simon for the preparation of his pre-sentence report.

On July 22, 1985, the movants were convicted of all of the counts submitted to the jury, after an eleven week trial. Simon was one of many witnesses who testified against the movants at trial.

In early September, 1985, the prosecutor reviewed Simon's pre-sentence report, and hence his statement, for the first time. Observing an arguable inconsistency in Simon's written statement and his trial testimony, the prosecutor promptly obtained the permission of the Court to unseal this portion of Simon's pre-sentence report and to disclose it to the four defendants convicted at trial. It is undisputed that the prosecutor did not learn of Simon's statement until long after the conclusion of the trial. *See* Affirmation of James O. Druker, dated October 15, 1985, ¶ 8. The instant motions followed the disclosure of Simon's written statement to the defendants.

To obtain a new trial on newly discovered evidence the following criteria must be met:

---

1. Galgano has not joined in these motions.

A new trial based on newly discovered evidence will be granted only if the following criteria are met: (1) the evidence must, indeed, be newly discovered, *i.e.,* discovered after trial; (2) the evidence must be such that it could not, with due diligence, have been discovered prior to or during trial; (3) the evidence must be material to the issue of guilt, and not merely for the purpose of impeaching other testimony; (4) the evidence must not be cumulative; and (5) the evidence must be such that it would probably lead to acquittal.

*United States v. Cruz,* 602 F.Supp. 825, 828–829 (S.D.N.Y.1985) (citations omitted). An examination of these factors indicates that the movants have failed to meet their burden.

There is no dispute as to the first two factors. Simon's statement was certainly discovered after trial and could not have been discovered by the movants prior to trial. However, the three remaining factors weigh heavily, and indeed fatally, against the movants' application.

Simon's statement must be placed in the proper context. The movants' were convicted of *all* counts submitted to the jury after an eleven week trial. The prosecution's proof was extensive and the evidence of the guilt of each of the movants was overwhelming. Four salesmen from Nelson, Ghun and Associates, Inc. ("NGA") testified at trial. Numerous victims of the movants' scheme also testified. The testimony of the NGA salesmen was fully corroborated by the victims' testimony and by the overwhelming documentary evidence of the movants' criminal conduct. Moreover, Simon was extensively cross-examined when he testified at trial.

Viewed against the foregoing, it is clear that each of the remaining three factors weighs against the movants. Simon's new-ly discovered statement, on its face, is material only for impeachment purposes. As the movants were afforded a full opportunity to attempt to impeach Simon's testimony at trial, and successfully did so on several occasions, Simon's statement in the pre-sentence report is merely cumulative.

Even if the Court was to conclude, however, that these two factors did not weigh against the movants, the remaining factor alone would defeat their application. Simon's newly discovered statement, if available at trial, would not have probably led to the acquittal of the movants. As noted earlier, the evidence of their extensive criminal conduct was overwhelming. And it was derived from numerous and diverse sources. Even if Simon's statement had been effectively utilized to impeach a portion of his trial testimony, this most certainly would not have led to a different result for the movants in view of the many highly credible witnesses who testified at great length about the movants' criminal activity. The testimony of these witnesses fully substantiated Simon's trial testimony. In short, the movants attempt to place far greater significance on Simon's newly discovered statement than is merited. Their characterization of Simon's statement is in stark contrast to the reality of the evidence presented to the jury at trial. Accordingly, their motions for a new trial, pursuant to Fed.R.Crim.P. 33, is DENIED.

### *Harvey's Rule 29 Motion*

Harvey has also moved, pursuant to Fed. R.Crim.P. 29(c) and 33, to set aside the guilty verdict, to enter a judgment of acquittal, and to grant a new trial.[2] The basis of this application is nothing more than a mere repetition of the objections and in limine motions lodged by Harvey's counsel at trial. All of these were rejected at trial.[3] They attain no synergystic meritori-

---

**2.** Nelson has joined this application. Ghun and Galgano have neither joined this application nor filed a similar one. This application is also denied as to Nelson, and to the extent it may apply to Ghun and Galgano it is similarly denied.

**3.** One of the objections Harvey raised at trial, and repeats in his motion, regards evidence obtained pursuant to a forthwith grand jury subpoena. At trial, counsel presented two cases to the Court, and requested and obtained additional time to present additional cases to the

ous quality when lumped together in a post-trial memorandum. Accordingly, they are once again rejected, and Harvey's motion is DENIED.

SO ORDERED.

Court. However, no additional cases were ever presented for the Court's consideration.